U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 AUG 13 PM 1: 10

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

INN-ONE HOME, LLC., d/b/a OUR HOUSE          )
RESIDENTIAL CARE HOMES,                      )
                                             )
                    Plaintiff,               )
                                             )     C.A. No.  2:19-cv-141
        v.                                   )
                                             )
COLONY SPECIALTY INSURANCE                   )
COMPANY,  and                                )
JAMES RIVER INSURANCE COMPANY                )
                                             )
                    Defendants               )

### INN-ONE HOME, LLC., d/b/a OUR HOUSE RESIDENTIAL CARE HOMES COMPLAINT

Plaintiff INN-ONE HOME, LLC., d/b/a OUR HOUSE RESIDENTIAL CARE HOMES

("IOH" or "Plaintiff") Complains of Colony Specialty Insurance Company ("Colony") as

follows:

### INTRODUCTION

Plaintiff has been sued in Vermont State Court, Rutland County Docket No. 5-1-18 Rdcv (the "Underlying Complaint") for various claims arising out of Marilyn Kelly's care and residency at IOH. The Underlying Complaint was filed December 11, 2017. The occurrences and incidents giving rise to the Underlying Complaint took place during Marilyn Kelly's residency at IOH from May 11, 2015 to January 15, 2016. Colony provided insurance to IOH during policy periods from March 28, 2015 to March 28, 2016 and from March 28, 2016 to March 28, 2017. This Complaint asserts that pursuant to the terms of Colony's Policy, IOH is entitled to coverage for the Underlying Complaint. Specifically, IOH alleges that during Colony's policy period Colony received written notice of at least one of the incidents giving rise to the Underlying Complaint. Therefore, pursuant to the Colony Policy the claim made against IOH in the Underlying Complaint was deemed made on the date notice of the incident was received by Colony. James River Insurance Company ("JRIC") insured IOH from March 28, 2017 to March 28, 2018 and it is defending the Underlying Complaint but has also filed, in this Court, under Docket No. 2:18-cv-100 an action seeking a declaration that there was no coverage available to

1

IOH for the Underlying Complaint either because IOH had prior notice of the claim and failed to disclose it in its application for coverage with JRIC or because the terms and conditions of the JRIC Policy exclude or limit coverage available to IOH in the Underlying Complaint. JRIC is made a party to this claim because Colony's policy contains an "Other Insurance" provision by which it may seek to apportion or otherwise qualify the insurance available to IOH on the basis of the JRIC policy. Furthermore, the matters at issue in the JRIC lawsuit are likely to have significant overlap with the matters at issue in this claim.

## PARTIES

1. Inn-One Home, LLC is a Vermont limited liability company which does business as Our House Residential Care Homes at four separate locations and has its principal place of business in Rutland, Vermont.

2. Colony Specialty Insurance Company, is an insurance company incorporated under the laws of Virginia and a principal place of business in Richmond, Virginia.

3. James River Insurance Company, is an insurance company incorporated under the laws of Ohio and a principal place of business in Richmond, Virginia.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 as this action is between citizens of different states and the amount in controversy exclusive of interest and costs exceeds the sum of $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred within the District of Vermont.

## GENERAL ALLEGATIONS

6. Colony issued IOH Policy AD5155227 which provided, according to its terms, Commercial General Liability and Professional Liability coverage for the period March 28, 2015 through March 28, 2016. The policy was renewed for the period March 28, 2016 through March 28,

2

2017, the terms and conditions were identical year to year ("the Colony Policy"). Attached as Exhibit A.

7. Marilyn Kelly was a resident at an IOH facility, "Our House Too", from May 11, 2015 through January 15, 2016.

8. On December 31, 2015, there was an incident during which Marissa Flagg, an IOH employee, pushed Marilyn Kelly who fell to the floor. Flagg left the facility. Another employee found Marilyn Kelly lying on the floor and helped her up to a lying position on a couch. Sometime later, she fell from the couch to the floor. After the second fall, Marilyn Kelly was taken to the emergency room at Rutland Regional Medical Center ("RRMC") and diagnosed with contusions to her hip. After being assessed and treated at the emergency room, Marilyn Kelly was returned to IOH.

9. Upon review of the video surveillance of the incident, IOH reported the incident involving Marissa Flagg to the Rutland Police and to Adult Protective Services for the State of Vermont. Ultimately, based on IOH's report, Marissa Flagg was prosecuted by the Vermont Attorney General's Office and placed on the Vermont Adult Abuse Registry.

10. Marilyn Kelly was readmitted to RRMC on January 15, 2016 and died of bronchopneumonia on February 1, 2016.

11. On February 3, 2016, the Vermont Division of Licensing and Protection - Department of Disabilities, Aging and Independent Living ("DAIL") performed an onsite audit ("the Survey") of Our House Too based on an anonymous complaint and the self-report of IOH of the Marissa Flagg incident.

12. The Survey documented various deficiencies or failures to comply with regulations governing residential care and home services and identified the incident involving Marilyn Kelly and Marissa Flagg.

13. On or around March 15, 2016 the Division of Licensing and Protection - DAIL notified IOH that IOH's responses to the Survey were "acceptable plans of correction" with which IOH had to comply.

14. Together with its application for renewal, IOH supplied Colony with the Survey prior to March 28, 2016 when Colony renewed.

15. The Colony Policy under its Common Policy Conditions, Section VI – Conditions, Par. 4 "Duties In the Event Of An Occurrence, Offense or Incident" provides, *inter alia*,

> Regardless of whether one or more coverage part(s) comprising the Policy Provide coverage on a claims-made and reported or occurrence basis, you must report any "occurrence", offense, or incident that may subsequently result in a "claim" against you.

> If such notice is received by us during the "policy period", then any "claim" subsequently made against you resulting from that "occurrence", offense, or incident shall be deemed, under a claims-made a reported coverage part to have been made on the date such written notice is received by us.

> Exhibit A.

16. The Colony Policy is a "claims made" policy.

17. Under the Colony Policy 'incident' and 'offense' are not defined but 'claim' is defined to mean "a demand for money; or the filing of suit; naming the insured and alleging: a "wrongful act" resulting from the rendering of or the failure to render "professional services"; or an offense or an "occurrence". Exhibit A.

18. Colony received notice of the incident involving Marissa Flagg and Marilyn Kelly through its receipt of the Survey.

19. Colony also received notice of incidents relating to the administration and management of medication for residents through its receipt of the Survey.

20. Based on receipt of the Survey, the claims made Colony Policy was triggered.

21. Colony declined to renew the Colony Policy and on March 28, 2017, JRIC issued policy no 00076612-0 to IOH with a coverage period through March 28, 2018 (the "JRIC Policy"). Attached as Exhibit C.

22. Generally, the JRIC Policy provided, subject to its terms, Commercial General Liability and Professional Liability insurance to IOH.

23. On September 7, 2017, IOH received correspondence providing notice of representation of the Estate of Marilyn Kelly and asserting that Marilyn Kelly had "suffered injuries and eventually died as a result of negligent care …" (the "Notice Letter").

24. On September 19, 2017, the Notice Letter was provided to Colony.

25. On October 26, 2017, Colony denied coverage under the Colony Policy for the 'claim' in the Notice Letter notwithstanding that the Notice Letter did not meet the definition of "claim" in the Colony Policy since it did not include "a demand for money" or "the filing of suit."

26. IOH also provided the Notice Letter to JRIC.

27. The Estate of Marilyn Kelly filed the Underlying Complaint on December 11, 2017. Attached as Exhibit B.

28. The Underlying Complaint alleges, *inter alia*, that Marilyn Kelly died as a result of negligent care and supervision she received while a resident of IOH. The allegations include that she

was exposed to improper administration of medications, that she was injured in the Marissa

Flagg incident, that the hiring and supervision of Marissa Flagg was negligent as well as that

the services provided by IOH were not as represented they would be and thereby violated

Vermont's Consumer Protection Act.

29. The Underlying Complaint is a "claim" under the Colony Policy.

30. The alleged claims in the Underlying Complaint and, if successful, resulting damages, would

be covered in part or full under the Colony Policy. Compare Exhibit B to Exhibit A.

31. Colony thus owes both a defense and indemnity to IOH under the Colony Policy.

32. Based on Colony's receipt of the Survey during its policy period and the subsequent claim

resulting, at least in part, from incidents identified in the Survey which are part of the

Underlying Complaint, Colony agreed and is obligated to treat the claim as if it had been

made on the date the Survey was provided to it.

33. At all times material, JRIC has defended the Underlying Complaint under a reservation of

rights.

34. JRIC has also brought suit seeking a declaration that it has no obligation to defend or

indemnify IOH against the claims in the Underlying Complaint, which is currently pending

under Docket 2:18-cv-00100-cr.

35. The Colony Policy under its Common Policy Conditions, Section VI – Conditions, Par. 9 has

a provision governing the existence of other insurance covering a claim also covered by the

Colony Policy under which Colony asserts that its coverage is excess to any other coverage.

Exhibit A.

36. The JRIC Policy has provisions governing "other" insurance available to IOH under both its Commercial General Liability Coverage Form, Section IV – Commercial General Liability Conditions, Par. 4 and it Professional Liability Policy, Section V – Conditions, Par. 2.

37. There is an actual controversy among the other insurance provisions of the Colony Policy and the JRIC Policy.

38. Colony has not been prejudiced as its interests are sufficiently aligned with JRIC such that any discovery and investigation which would be useful to it has been undertaken by JRIC.

## COUNT 1 – BREACH OF CONTRACT

39. IOH repeats the allegations of paragraphs 1 through 38 as if fully and completely set forth herein.

40. By reason of the duties and obligations under the Colony Policy, IOH, having provided notice of an incident which subsequently became a claim in the form of the Underlying Complaint, is entitled to a legal defense and indemnification by Colony in the Underlying Complaint.

41. IOH, has been required to incur legal fees to enforce and obtain its rights under the Colony Policy and such are part of its damages.

WHEREFORE, Plaintiff requests Judgment in its favor that Colony is obligated to provide a legal defense and indemnity in the Underlying Complaint, declaring the relationship among Colony and JRIC according to the "other insurance" provisions in the Colony Policy and the JRIC Policy and awarding Plaintiff's legal fees, costs and expenses of this action and such other and further relief as the Court deems just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED at Burlington, Vermont, this 13 th day of August, 2019.

INN-ONE HOME, LLC., d/b/a OUR
HOUSE RESIDENTIAL CARE HOMES,

By: _____

Joshua L. Simonds, Esq.
The Burlington Law Practice, PLLC
2 Church Street, STE 2G
Burlington, VT  05401
(802) 651-5370
jls@burlingtonlawpractice.com

8