U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 JUN 24 PM 1:14

CLERK

BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

INN-ONE HOME, LLC, d/b/a OUR HOUSE RESIDENTIAL CARE HOMES,

Plaintiff,

v.

COLONY SPECIALITY INSURANCE COMPANY and JAMES RIVER INSURANCE COMPANY,

Defendants.

Case No. 19-cv-00141

---

JAMES RIVER INSURANCE COMPANY,

Plaintiff,

v.

INN-ONE HOME, LLC D/B/A OUR HOUSE RESIDENTIAL CARE HOMES, PAULA PATORTI, LISA PATORTI, and JUNE F. KELLY, as Executor of the Estate of Marilyn F. Kelly,

Defendants.

Case No. 18-cv-00100

**ENTRY ORDER DENYING JAMES RIVER'S MOTION TO DISMISS AND ORDERING BRIEFING REGARDING CONSOLIDATION**
(Doc. 9)[1]

These declaratory judgment actions concern the rights and legal relations between Inn-One Home, LLC ("Inn-One") and two of its previous insurance carriers, James River Insurance Company ("James River") and Colony Specialty Insurance Company

[1] All references to docket entries in this Entry Order refer to Docket No. 2:19-cv-00141 unless otherwise noted.

("Colony") with regard to claims in an underlying lawsuit in state court (the "Underlying Suit").

On June 22, 2018, James River filed a federal action, Docket No. 2:18-cv-00100 (the "2018 Suit"), against Inn-One and the other parties to the Underlying Suit, seeking a declaration that it has no duty to defend or indemnify Inn-One or its employees in the Underlying Suit.[2] Colony is not a party to the 2018 Suit.

On August 13, 2019, Inn-One filed a second federal action, Docket No. 2:19-00141 (the "2019 Suit"), against Colony and James River, alleging a breach of contract claim based on Colony's failure to provide Inn-One with a legal defense and indemnification in connection with the Underlying Suit and seeking declaratory relief without specifically asserting a claim against James River. After James River moved to dismiss the 2019 Suit on September 11, 2019 for failure to state a claim, Inn-One filed its First Amended Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) on September 25, 2019. In the First Amended Complaint, Inn-One added a separate claim seeking a judgment that Colony has a duty to defend and indemnify Inn-One in the Underlying Suit and further "declaring the relationship among Colony and [James River] according to the 'other insurance' provisions in the Colony Policy and the [James River] Policy[.]" (Doc. 4-3 at 8.) Colony answered the First Amended Complaint on October 3, 2019, asserting a counterclaim for a declaration that it owes no duty to defend or indemnify Inn-One in the Underlying Suit.

Both the 2018 Suit and the 2019 Suit are currently pending before the undersigned. On October 9, 2019, James River moved to dismiss the First Amended Complaint in the 2019 Suit on the ground that it is duplicative of James River's earlier filed 2018 Suit. (Doc. 9.) Inn-One opposed the motion on October 23, 2019 and asserts that the court should consolidate the 2018 and 2019 Suits. James River replied in support of its motion to dismiss on November 6, 2019.

---

[2] James River is defending the Underlying Suit subject to a reservation of its rights.

Inn-One, Paula Patorti, and Lisa Patorti are represented by Joshua L. Simonds, Esq. Colony is represented by William L. Boesch, Esq. James River is represented by Gary M. Burt, Esq. June Kelly, as executor of the estate of the late Marilyn F. Kelly (the "Estate") is represented by Daniel L. Burchard, Esq.

## I. Factual and Procedural Background.

### A. Allegations in the Underlying Suit.

On December 11, 2017, the Estate and Ms. Kelly's children[3] filed the Underlying Suit against Inn-One, Paula Patorti, Lisa Patorti, Patty A. Thornton, PA-C, and Timothy G. Cook, M.D. d/b/a Convenient Medical Care in Vermont state court. In the Underlying Suit, the Estate alleges that Ms. Kelly received inadequate and negligent care and supervision while she resided at a facility operated by Inn-One which allegedly contributed to her death on February 1, 2016. The Estate further alleges that Ms. Kelly was verbally abused and physically assaulted by an Inn-One staff member, Marissa Flagg. The Underlying Suit asserts the following claims: violation of the Vermont Consumer Protection Act, 9 V.S.A. § 2453(a) (Count One); breach of contract (Count Two); negligent care (Count Three); negligent hiring, supervision, training, and retention of Ms. Flagg (Count Four); medical negligence by PA-C Thornton (Count Five); vicarious liability against Dr. Cook (Count Six); negligent supervision against Dr. Cook (Count Seven); and wrongful death (Count Eight).

### B. Inn-One's Insurance Coverage.

According to the First Amended Complaint in the 2019 Suit, Colony provided commercial general liability and professional liability insurance to Inn-One pursuant to Policy AD5155227 (the "Colony Policy") from March 28, 2015 to March 28, 2016 and for a renewal term that ran from March 28, 2016 to March 28, 2017. Thereafter, James River provided commercial general liability and professional liability insurance to Inn-One from March 28, 2017 to March 28, 2018 pursuant to Policy No. 00076612-0 (the "James River Policy").

---

[3] Ms. Kelly's children were later dismissed from the Underlying Suit, leaving the Estate as the sole plaintiff in that action.

## II. Whether the 2019 Suit Is Subject to Dismissal Pursuant to the "First-Filed" Rule.

James River asserts that the 2019 Suit should be dismissed pursuant to the "first-filed rule," which provides that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). According to James River, the first-filed rule supports dismissal of the 2019 Suit because it involves some of the same parties as the 2018 Suit and the declaratory judgment it requests is duplicative.

Pursuant to the first-filed rule, "where there are two competing lawsuits, the first suit should have priority[,]" *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008) (internal brackets, quotation marks, and citation omitted), and "'sound judicial discretion dictates that the second court decline its consideration of the action before it until the prior action before the first court is terminated[.]'" *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 723 (2d Cir. 2010) (internal brackets omitted) (quoting *Nat'l Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 45 (2d Cir. 1961)). A district court's "power to dismiss a duplicative lawsuit" under the first-filed rule "is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" *Curtis*, 226 F.3d at 138 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). The rule "embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum." *Emp'rs Ins. of Wausau*, 522 F.3d at 275 (internal quotation marks and citation omitted).

When asked to apply the first-filed rule, a district court must first determine "whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts. The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially." *Jeffrey v. DTG Operations, Inc.*, 2020 WL 1536323, at *2 (E.D.N.Y. Mar. 31, 2020) (internal quotation marks and citation omitted). "The 'first-filed' rule has no import where . . . the two cases at issue reside on the docket of the same district judge" because "[t]he able district judge is perfectly capable of

consolidating them as necessary." *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 22 (2d Cir. 2018); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (holding that the first-filed rule applies to cases in different jurisdictions and "states that, in determining the proper venue, where there are two competing lawsuits, the first suit should have priority") (internal quotation marks, brackets, and citation omitted). In *Horowitz*, the Second Circuit vacated a district court's dismissal of an action for trademark infringement pursuant to the first-filed rule where both cases were pending in the same district, alleging the same claims against the same defendants, finding that "none of the considerations motivating . . . application of the first-filed rule remain." 888 F.3d at 22 (internal quotation marks omitted).[4]

Like the two actions considered in *Horowitz*, the 2018 Suit and the 2019 Suit are pending before the same judge. Because the first-filed rule is inapplicable to cases "resid[ing] on the docket of the same district judge[,]" *id.*, James River's motion to dismiss the 2019 Suit on that ground is DENIED.

## III. Whether the 2018 and 2019 Suits Should Be Consolidated.

In opposing dismissal of the 2019 Suit, Inn-One asserts that "the [c]ourt should appropriately consolidate the claims among the parties including [Inn-One], [James River][,] and Colony, and determine the outcome based on . . . the provisions of the Colony Policy and the [James River] Policy." (Doc. 10 at 4.) Although James River does not respond to this argument, in asserting that the first-filed rule applies, it contends that it "should not be forced to litigate its obligations under the Policy in two separate actions." (Doc. 9 at 5.)

"If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate

---

[4] Although the Second Circuit has observed that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time[,]" *Curtis*, 226 F.3d at 139, in this case the court is faced with two cases initiated by different plaintiffs that have partially overlapping parties and factual allegations.

the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

> When a court learns that two possibly duplicative actions are pending on its docket, consolidation may well be the most administratively efficient procedure. If the second complaint proves to contain some new matters, consolidation unlike dismissal of the second complaint without prejudice or staying the second action will avoid two trials on closely related matters. If, on the other hand, the second complaint proves to contain nothing new, consolidation of the two actions will cause no harm[.]

*Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977).

A district court has "broad discretion to determine whether consolidation is appropriate[,]" *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), including to "consolidate related cases under [Fed. R. Civ. P.] 42(a) *sua sponte*." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). Nonetheless, the district court's discretion "is not unfettered" and "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson*, 899 F.2d at 1285 (citations omitted).

To the extent that the 2018 and 2019 Suits involve "common questions of law or fact[,]" this court has the authority under Fed. R. Civ. P. 42 to consolidate them at its discretion "to avoid unnecessary costs or delay." *Id.* at 1284; *see also Katz v. Realty Equities Corp. of N.Y.*, 521 F.2d 1354, 1358 (2d Cir. 1975) (finding consolidation was properly ordered "to prevent unnecessary duplication and in order to reduce the potential for confusion"). Although the 2018 Suit presently involves only the James River Policy, the 2019 Suit involves both the James River Policy and the Colony Policy and both actions address the ultimate question of which insurer, if any, is obligated to defend or indemnify Inn-One and its employees in the Underlying Suit. The court has recently granted partial summary judgment to James River in the 2018 Suit. With these considerations in mind, the court hereby ORDERS the parties to file supplemental memoranda within twenty (20) days of this Entry Order addressing whether consolidation of the 2018 and 2019 Suits will further the "just, speedy, and inexpensive determination of" this action. Fed. R. Civ. P. 1.

## CONCLUSION

For the foregoing reasons, James River's motion to dismiss the First Amended Complaint pursuant to the first-filed rule (Doc. 9) is DENIED. The parties are ORDERED to file supplemental memoranda within twenty (20) days of the date of this order addressing whether the court should consolidate the 2018 and 2019 Suits pursuant to Fed. R. Civ. P. 42(a).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 24th day of June, 2020.

Christina Reiss, District Judge
United States District Court